Elizabeth Peck (SBN 277794)
Kevin Schwin, *Of Counsel* (SBN 262595)
PECK-LAW, *Employment & Civil Rights*
1010 Fair Avenue, Suite H
Santa Cruz, CA 95060
T: (408) 332-5792
E: lisa@peck-law.com
E: kevin@peck-law.com


Megan Beaman (SBN 261539)
BEAMAN JACINTO LAW P.C.
73733 Fred Waring Dr.  Suite 203
Palm Desert, CA 92260
T: (760) 698-9626
E: megan@beaman-law.com

Attorneys for Plaintiff MARIA CRISTINA BRAVO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| MARIA CRISTINA BRAVO, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. Family and Medical Leave Act-Interference |
| | 2. Family and Medical Leave Act-Retaliation |
| LOS 3 AMIGOS TORTILLERIA, INC. D/B/A LA PIEDAD TORTILLA FACTORY; RAMIRO LOPEZ, an individual; and DOES 1 through 20, inclusive, | 3. Assault |
| | 4. Battery |
| | 5. Harassment in Business Relationship |
| | 6. Sexual Battery |
| | 7. Gender Violence |
| Defendants. | 8. Wrongful Termination in Violation of Public Policy |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff MARIA CRISTINA BRAVO alleges:

<u>**NATURE OF ACTION**</u>

This action is brought by an employee, Maria Cristina Bravo ("Ms. Bravo" or "Plaintiff"),

against her former employer, Los 3 Amigos Tortilleria, Inc. doing business as La Piedad Tortilla

- 1 -

COMPLAINT

Factory ("Los 3 Amigos"). Plaintiff seeks redress for the harms caused her in the form of monetary damages and other relief, and including economic, general, compensatory, special and punitive damages, liquidated damages, equitable and/or injunctive relief, interest (including prejudgment interest), and Plaintiff's reasonable attorneys' fees and costs incurred herein as may be available to her under law and/or in equity.

Defendants interfered with Ms. Bravo's protected rights to medical leave under the Family and Medical Leave Act ("FMLA"), and they harassed and discriminated against her because of her known medical condition and need for what should have been offered and treated as protected FMLA medical leave for her own serious health condition. Among other acts, Defendants failed to appropriately provide notices to Plaintiff as was required of them under the law; they failed to respond and/or interact with Plaintiff to determine her need for protected medical leave to which she should have been entitled; they refused her medical leave; and, Defendants subsequently retaliated against her for making inquiry and endeavoring to exercise what should have been protected medical leave to which she was entitled under the law, culminating in her termination.

Ms. Bravo also brings this action to assert her other statutory and common law claims of assault and battery; sexual battery (Civil Code §1708.5); and wrongful termination in violation of public policy. Defendant (primarily through its officer and director, Defendant Ramiro Lopez) subjected Ms. Bravo to sexual harassment, sexual battery, gender violence, and discrimination throughout her employment – including by such acts as: unwelcome touching and attempted touching in lewd, suggestive, and sexual manners; subjecting her to sexual and other inappropriately "romantic" and suggestive comments about her body and her appearance; and, subjecting her to disparate and otherwise discriminatory conduct because of her gender. Ms. Bravo made clear her rejection of Defendant Lopez's advances and Los 3 Amigos's conduct, in response to which Defendants subjected Ms. Bravo to numerous adverse employment acts, including harassment, discrimination, and retaliation culminating in her wrongful termination.

## PARTIES

1.     Plaintiff Maria Cristina Bravo is an individual residing in the County of San Benito, State of California.

2.      Plaintiff was an "eligible employee" within the meaning of the FMLA, and she was entitled to FMLA protection and rights. 29 U.S.C. §2611(2). At the time of the events at issue herein, Plaintiff was an "employee" of Defendants within the meaning of the FMLA, and she was eligible and entitled to protected leave without interference, entitled to job restoration at the conclusion of her leave, and she was entitled to be free from interference and retaliation within the meaning of FMLA as she worked at least 1,250 hours within a 12-month period preceding her requests for what should have been characterized as FMLA protected leave.

3.      Defendant Los 3 Amigos Tortilleria Inc., dba La Piedad Tortilla Factory ("Los 3 Amigos") is a corporation organized under the laws of the state of California. Los 3 Amigos produces and distributes tortillas to market, and its office is located at 1551 Lana Way, Hollister, CA San Benito County, California.

4.      Defendant Ramiro Lopez is an individual who is a resident of the State of California; at all times relevant to this action, Mr. Lopez was and remains an Officer (Chief Financial Officer) and Director of Los 3 Amigos.

5.      Upon information and belief, Defendants (and each of them) fall within the meaning of a "covered" employer under the Family and Medical Leave Act ("FMLA"). 29 U.S.C. §2611(4).

6.      The true names and capacities of Defendants Does 1 through 20, inclusive, are at this time unknown to Plaintiff, who therefore sues Does 1 through 20 by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each fictitious Defendant was in some way responsible for, participated in, or contributed to the matters or things of which Plaintiff complains herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7.      Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment,

- 3 -

COMPLAINT

partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

8.      Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegation and reference shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally.

## JURISDICTION AND VENUE

9.      Jurisdiction and venue are proper in this Court because the employment relationship amongst the parties herein and at issue in this case arose and was performed in San Benito County, California.  The events, employment decisions, and unlawful practices at issue herein originate, were made, and occurred in San Benito County, California.

10.      At all times relevant to this Complaint, Defendants operated in, resided in, and/or were domiciled in San Benito County, California; and, Defendants had and continue to have a principal address and place of business in the city of Hollister, San Benito County.

11.      This court has original jurisdiction over Plaintiff's FMLA claims. 29 U.S.C. §2617(a)(2).

12.      This Court also has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. §1367, and no exception to supplemental jurisdiction exists herein. 28 U.S.C. §1367; and see, *Executive Software N. Am. Inc. v. Unites States Dist. Ct. for the Central Dist. Of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994).

13.      Defendants Does 1-20 are individuals and entities that, upon information and belief, reside in and/or conducted the material transactions and unlawful acts at issue herein in San Benito County, California.

## FACTUAL ALLEGATIONS

14.      Plaintiff reasserts and incorporates paragraphs 1 through 13 here as if fully set forth.

15.      Ms. Bravo worked as a non-exempt packing worker for Defendants during relevant times, beginning in approximately February 9, 2015 and ending on or about April 19, 2017.  She generally worked full time, including substantial overtime for Defendants, performing factory packing labor tasks alongside many other co-workers.

16.     Ms. Bravo's supervisors included Defendant Ramiro Lopez and Julian Torres (who are directing officers and, upon information and belief, owners of Los 3 Amigos).

17.     Beginning on Ms. Bravo's first day of work for Defendants, Lopez individually began to sexually harass, assault, and batter Ms. Bravo on a regular, severe, and/or pervasive basis. Lopez's harassment, assault, and battery of Ms. Bravo included (but is not limited to): sexual touching and attempted sexual touching; unwanted grabbing her body and pulling her toward him; rubbing her hand in a suggestive way; touching, poking, and caressing her physical person in the area of her ribs and sides of her bra; and, more.

18.     Co-workers observed and were otherwise aware of incidents of the harassment, assault, and battery which occurred in front of them.

19.     Ms. Bravo expressly and overtly rejected all of Lopez's advances, come-ons, comments, and touching; and, she did so both through express statements and overt body language directed towards Lopez.  Yet, Lopez persisted in ignoring her rejections, appeared to take her rejections as a challenge, and he continued his harassment of her throughout the duration of her employment.

20.     Lopez never stopped his harassment, assault, and battery of Ms. Bravo despite her complaints to him and her rejections of his contacts; instead, he doubled-down in his behavior and also began retaliating against Ms. Bravo for her opposition to and rejection of his behavior.

21.     Among other acts, Lopez responded to Plaintiff's opposition and rejections by subjecting her to continued behavior of the type she had expressly and implicitly found objectionable, berating her, humiliating her, ridiculing her, and unjustifiably criticizing and scrutinizing her work.

22.     On or about September 23, 2015, Ms. Bravo suffered a workplace injury to her back; and, Defendants knew or had reason to know of her injury and that her injury and resulting health condition was sufficiently serious to require ongoing medical care and treatment, and that it rendered her unable to perform her job functions (including the functions required of her to lift, bend, pull, stretch, and more).

- 5 -

COMPLAINT

23.     Indeed, Ms. Bravo's health condition became so serious that her workers' compensation doctor ordered her completely off work and put her on medical leave for four months, from approximately September 2015 until her scheduled return to work on or about February 1, 2016. Thereafter, she required periodic time off work when her condition exacerbated.

24.     Defendants knew or had reason to know of Plaintiff's condition and her need for finite medical leave from time to time, and other work accommodations.

25.     Ms. Bravo provided notice to Defendants of her doctor's orders and her resulting request for medical leave.

26.     Although her medical leave was approved as temporary disability leave vis-à-vis her workers' compensation claims, Defendants never considered her medical leave as job protected leave under the FMLA for her own serious health condition.

27.     Upon her return to work in February 2016, Defendants began harassing, discriminating, and retaliating against her.  For example, after she informed Defendants of her medical restrictions and expressed her need for future periodic medical leave, Defendants transferred Ms. Bravo to an undesirable night shift against her objections, arbitrarily and unpredictably altered her schedule (thus causing her material inconvenience and hardship), and ridiculed her (among other acts); Defendants continued in such adverse acts and material alterations of Plaintiff's job conditions until her termination.

28.     More than a year after returning from her 2016 medical leave, in approximately late March 2017, it was apparent that Ms. Bravo had not experienced sufficient improvement in her back and her resulting serious and disabling health condition, rendering her unable to perform her job functions and causing her limitations in her major life activities; accordingly, her doctor put Ms. Bravo on medical leave for approximately two weeks beginning on about March 29, 2017, returning April 14, 2017.  Thereafter, her medical leave need was extended two additional weeks to approximately May 1, 2017.

29.     Ms. Bravo provided notice to Defendants of her doctor's orders and her need for medical leave; she then began her medical leave beginning March 29, 2017.  She was scheduled to return to work approximately four weeks later in early May 2017.

COMPLAINT

30.     Shortly after her medical leave began, Defendants unilaterally terminated Ms. Bravo's employment without notice to her; in fact, she only became aware of her termination on or about April 19, 2017 when she received notice from Defendants' insurance carrier that her employment was terminated and that Defendants would no longer be providing her benefits coverage.

31.     Plaintiff's back injury caused her a physical condition rising to the level of a disability within the meaning of the Fair Employment and Housing Act, California Government Code §12940, et seq. ("FEHA"), for which she should have been afforded a meaningful and good faith interactive process and provision of reasonable accommodations by her employer.

32.     Moreover, under the FMLA, Defendants had an affirmative obligation to recognize that Plaintiff's medical leave may be FMLA-qualifying and then to provide specific notice of her eligibility and of her rights and obligations under the FMLA; yet, Defendants failed to provide any notice to Plaintiff that her medical leave may be FMLA-qualifying, nor did they provide her adequate information or notice to Plaintiff concerning her leave as was required of them under the FMLA.

33.     Further, Lopez's harassment, sexual assault, and sexual battery of Plaintiff continued even after Ms. Bravo's employment ended.  For instance, in approximately June 2017, Lopez spotted Ms. Bravo at a bank and he grabbed her hand when she passed by him.  Lopez then pulled Ms. Bravo toward him against her will, and managed to kiss her several times on the arm before she could break away.  During this incident, Lopez also made unwanted sexual and/or suggestive comments toward Ms. Bravo.

34.     As a result of Defendants' conduct, Ms. Bravo has suffered and continues to suffer substantial harm and damage, including emotional harm.

35.     As a result of her loss of employment and Defendants' acts, Plaintiff has suffered and continues to suffer substantial economic harm, including lost income (back and front pay), lost employment benefits, out of pocket losses and special damages, and other economic losses (including all prejudgment interest thereon from the date of her termination to the date of judgment herein) to her detriment.

COMPLAINT

36.     Ms. Bravo has also incurred attorneys' fees and costs in her efforts to pursue her remedies under the law and in equity.

## FIRST CAUSE OF ACTION

### FMLA Interference

### (Against All Defendants)

37.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

38.     The FMLA, 29 U.S.C. §2612(a)(1) provides,

> "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during
> any 12-month period . . . (D) Because of a serious health condition that makes
> the employee unable to perform the functions of the position of such employee."

39.     FMLA leave may be taken on a full-time, intermittent, or reduced schedule basis; and, it may be unpaid or substituted with accrued paid leave. 29 U.S.C. §2612(b), (d).

40.     The FMLA also entitles a protected employee to reinstatement of her job, with comparable benefits, pay, terms and conditions of employment on return from FMLA leave as if she had not taken leave.  29 U.S.C. §2614(a); 29 C.F.R. §825.214.

41.     The FMLA further requires covered employers to provide their employees with several specific notices detailing their eligibility, entitlements, and responsibilities under the FMLA; failure to do so (in and of itself) may constitute interference with, restraint, or denial of an employee's rights under the FMLA.  29 C.F.R. §825.300.

42.     Plaintiff was an eligible employee within the meaning of the FMLA, and at all times relevant to her claims herein, she was entitled to receive up to twelve (12) weeks FMLA leave for her own serious health condition.

43.     Defendants and each of them are "employers" within the meaning of the FMLA; Defendants, and each of them, are considered to be a "person" (including "any person who acts, directly or indirectly, in the interest if an employer to any of the employees of such employer")

- 8 -

who employed at least 50 employees within a 75-mile radius of Plaintiff's worksite. 29 U.S.C. §2611(4).

44.     Plaintiff provided appropriate notice and medical certification of her need for leave for her own serious health condition, which Defendants did not question.

45.     The FMLA imposes upon covered employers an affirmative obligation to recognize when an employee's medical condition may qualify as a serious health condition under the FMLA for which an employee is entitled to FMLA protected leave; and further, once the employer has notice of an employee's circumstances that may qualify for FMLA leave, the employer must make further inquiry of the employee to determine if FMLA leave is needed and to provide timely notice of such eligibility and entitlement to the employee.

46.     Once an employer acquires knowledge that an employee may need leave for an FMLA-qualifying reason, then the employer must notify the employee of her eligibility to take FMLA leave and the employer must also give notice to the employee of her rights and obligations under the FMLA – these notices must be provided to the employee within five business days of the employer's acquisition of the information. 29 C.F.R. § 825.300.

47.     An employee is not required to formally request FMLA leave, nor must she even mention the FMLA; rather, she must only provide sufficient information for her employer to recognize that her need for leave and/or inability to do her assigned work may be FMLA-qualifying.

48.     An employee may be granted FMLA leave concurrent with a workers' compensation claim for a serious health condition that the employee suffers as a result of an on-the-job injury.

49.     Further, and notwithstanding that Plaintiff was offered and/or worked light-duty or modified duty in relation to her workers' compensation claim and injuries, she was entitled to refuse light-duty/modified work and retain her FMLA leave rights – yet, Defendants never offered Plaintiff this information nor any option for FMLA job-protected leave.

50.     If an eligible employee cannot perform her current job because of her own serious health condition, her right to take FMLA leave is absolute.

COMPLAINT

51.     If an employee elects light-duty in lieu of FMLA leave, the time she works in the light-duty position cannot be counted against her 12-week FMLA allotment. 29 C.F.R. §825.207(e).

52.     Defendants knew or had reason to know that Plaintiff's leave was necessary for her own serious health condition and further, they could reasonably anticipate that Plaintiff would need medical leave in the future for her serious health condition.

53.     If the employee's information to the employer is in any way deficient, then it is incumbent upon the employer to make further inquiry to determine the FMLA-qualifying nature relating to Plaintiff's needs.

54.     Defendants failed to comply with their affirmative obligations under the FMLA to recognize Plaintiff's need for protected leave and/or to make further inquiry concerning her FMLA needs, eligibility, and entitlements

55.     Defendants failed in all respects with regard to its affirmative obligations to Plaintiff and in regard to its notice obligations under the FMLA.

56.     The FMLA provides, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter." 29 U.S.C. §2615(a)(1).

57.     By the acts and omissions describe herein, Defendants interfered with Plaintiff's entitlement to FMLA leave in myriad ways, including (among other acts):

- Ignorance of and/or failure to abide by their affirmative obligation under the FMLA to recognize and approve Plaintiff's request for medical leave as FMLA protected leave;

- Discouraging and acting in such a way as to cast a chilling effect upon Plaintiff's exercise of her existing and/or any future rights under the FMLA, including conduct impeding Plaintiff's access to and notice of FMLA protections, and depriving her of the full amount of protected leave as to which she was both eligible and entitled;

- Preventing Plaintiff from availing herself of medical leave that should have been job-protected under the FMLA;

- 10 -

COMPLAINT

- Failing to provide Plaintiff any of the notices as to her eligibility, rights and responsibilities under the FMLA as is required of Defendants under the law;

- Subjecting Plaintiff to harassment, discrimination and intimidation regarding her request, need for, and use of time off that should have been characterized as protected FMLA leave for her own serious health condition;

- Summarily terminating Plaintiff's employment while she was on what should have been job-protected leave under the FMLA for her own serious health condition; and,

- Failing and refusing to offer Plaintiff reinstatement of her job, with comparable benefits, pay, terms and conditions of employment following what should have been characterized as protected FMLA leave as if she had not taken leave;

58.    Defendants altogether failed to recognize that providing FMLA leave options to Plaintiff was appropriate under the circumstances.

59.    Defendants' failure to provide requisite and timely FMLA information and notices - including notices of Plaintiff's FMLA eligibility, rights and obligations - is itself an interference with Plaintiff's FMLA rights to take protected leave. 29 C.F.R. § 825.300(e) for which Defendants are liable to Plaintiff for her harm.

60.    Defendants' actions, as set forth herein, constitute unlawful interference with Plaintiff's rights under the FMLA, including interference with her reasonably anticipated future leave needs.

61.    Defendants' actions were willful and knowing; at the very least, Defendants knew or reasonably should have known that their actions constituted interference with Plaintiff's FMLA rights and entitlements – including (at the very least) her rights to timely, adequate notice and information concerning her FMLA rights and eligibility for protected leave.

62.    Under the FMLA, Plaintiff is entitled to a strong presumption in favor of awarding her liquidated damages equal to the sum of the amount of her lost income, benefits value, and other actual monetary losses suffered by Plaintiff. 29 U.S.C. §2617(a)(1)(A).

COMPLAINT

63.     Defendants lacked any objectively reasonable grounds to believe that their actions complied with the FMLA.

64.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits.

65.     Plaintiff also incurred other harm, including out-of-pocket costs, special damages, and the loss of the value of her damages entitling her to prejudgment interest as provided for under the law. 29 U.S.C. §2617(a)(1)(A)(iii).

66.     Plaintiff has also incurred attorney's fees and costs, as to which she is entitled to an award under the FMLA. 29 U.S.C. §2617(a)(3).

67.     Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages (including liquidated damages), relief (including equitable relief), and penalties to which she is entitled under the FMLA, and such other and further relief as this Court deems appropriate in the circumstances.

## SECOND CAUSE OF ACTION

### FMLA Retaliation

### (Against All Defendants)

68.     Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

69.     In addition to interfering with Plaintiff's FMLA rights, as set forth above, Defendants also retaliated against her for her attempts to exercise and use what should have been characterized as FMLA medical leave when, in response to her request for medical leave and during the course of such leave, and upon her return to work from her initial FMLA-qualifying leave, Defendants engaged in and subjected her to the retaliatory conduct described in this Complaint.

70.     Had she not requested, and then exercised her rights to what should have been characterized as FMLA-qualifying medical leave, Plaintiff would not have been subjected to Defendants' adverse acts described herein, including their termination of her employment.

71.     Upon information and belief, Defendants' purported justification for terminating Plaintiff is merely pretext for FMLA retaliation.

72.     As a result of having taken what should have been characterized as FMLA medical leave, Plaintiff would not have been terminated; accordingly, Plaintiff's taking of medical leave and her anticipated need for future medical leave was at least a motivating reason for Defendants' decision to terminate her.

73.     Defendants' treatment of Plaintiff, and their termination of her employment constitutes retaliation for her having exercised her FMLA rights, in violation of the FMLA, 29 U.S.C. § 2615.

74.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), loss of employee benefits, and other economic losses (including all prejudgment interest accrued from the date of termination to the date of judgment herein).

75.     Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages (including liquidated damages), relief (including equitable relief), and penalties to which she is entitled under the FMLA, and such other and further relief as this Court deems appropriate in the circumstances.

### THIRD CAUSE OF ACTION

#### Assault

#### (Against All Defendants)

76.     Plaintiff realleges and incorporates hereby by reference each and every preceding paragraph as though fully set forth herein.

77.     Defendant Lopez intended to touch, threatened to touch, and did touch Plaintiff in an unwelcome and injurious manner, as described herein.

78.     Plaintiff did not consent to this conduct.

79.     Defendant Lopez's interactions with Plaintiff put her in frequent and perpetual fear and apprehension of Lopez's imminent contact and personal harm to her.

80.     Upon information and belief, Defendant Los 3 Amigos aided, abetted, encouraged and/or ratified the conduct of supervisor-owner Lopez by failing to discipline him, failing to remedy his behavior, and terminating Plaintiff's employment.

81.     Defendant Lopez's conduct towards Plaintiff was not so surprising in the workplace that the risk of such conduct by Defendant Lopez towards his female subordinates was created by the employment and was foreseeable; moreover, Defendant Lopez is a pinnacle employee, director, owner, and top executive of Los 3 Amigos and as such, Los 3 Amigos is vicariously liable for the acts of Defendant Lopez as alleged herein.

82.     As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income, mental and emotional distress, and other foreseeable harm and damages.

83.     Defendants acted as alleged herein willfully, maliciously, with the intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover damages for the sake of example and by way of punishing Defendants.

## FOURTH CAUSE OF ACTION

### Battery

### (Against All Defendants)

84.     Plaintiff realleges and incorporates hereby by reference each and every preceding paragraph as though fully set forth herein.

85.     Defendant Lopez threatened to touch and did touch Plaintiff in an unwelcome and injurious manner, as described herein.

86.     Plaintiff did not consent to this conduct.

87.     Defendant Lopez's acts were committed in the workplace, were wrongful and injurious to Plaintiff, and included acts of sexual harassment.

88.     Defendant Lopez's interactions with Plaintiff put her in frequent and perpetual fear and apprehension of Lopez's imminent contact and personal harm to her.

- 14 -

COMPLAINT

89.     Upon information and belief, Defendant Los 3 Amigos aided, abetted, encouraged and/or ratified the conduct of Defendant Lopez by failing to discipline him, failing to remedy his behavior, and ultimately by terminating Plaintiff's employment - whereas Lopez has not suffered any repercussions for his conduct.

90.     Defendant Lopez's conduct towards Plaintiff was not so surprising in the workplace that the risk of such conduct by Defendant Lopez towards his female subordinates was created by the employment and was foreseeable; moreover, Defendant Lopez was a pinnacle employee, director, owner, and top executive of Los 3 Amigos; as such, Los 3 Amigos is vicariously liable for the acts of Defendant Lopez as alleged herein.

91.     As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income, mental and emotional distress, and other foreseeable damages and harm.

92.     Defendants acted as alleged herein willfully, maliciously, with the intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover damages for the sake of example and by way of punishing Defendants.

### FIFTH CAUSE OF ACTION

**Sexual Harassment in Business, Service, or Professional Relationship**

**(Violation of Civil Code § 51.9, *et seq.*)**

**(Against All Defendants)**

93.     Plaintiff realleges and incorporates hereby by reference each and every preceding paragraph as though fully set forth herein.

94.     Plaintiff and Defendants had a business, service, or professional relationship inherent in Defendants' employment and management of Plaintiff's employment.

95.     Defendants perpetuated and/or ratified Lopez's sexual advances, solicitations, requests, and demands to Plaintiff; Defendants also perpetuated (through direct conduct or ratification thereof) verbal, visual, and physical conduct of a hostile and sexual nature by and through their supervisory agents (including Defendant Lopez). That conduct was unwelcome, pervasive, and severe.

96.     Plaintiff was unable to easily terminate her relationship with Defendants due to her great economic necessity to earn income and support for herself and her family.

97.     Defendants' conduct in this regard violates Cal. Civ. Code § 51.9 and other of her statutory and constitutional rights by which Plaintiff should have been protected and to which she was entitled.

98.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings and other employment benefits, loss of future employment benefits, humiliation, embarrassment, mental anguish, and physical harm—all in amounts to be proven at trial but exceeding the minimum jurisdictional limits of this court.

99.     The above-referenced actions of Defendants were taken with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under state and federal law.  Plaintiff is thus entitled to and seeks exemplary damages in an amount sufficient to punish and deter Defendants from any further, similar conduct in its business, service, or professional relationships.

### SIXTH CAUSE OF ACTION

**Sexual Battery**

**(Violation of Cal. Civ. Code §1708.5)**

**(Against All Defendants)**

100.    Plaintiff realleges and incorporates hereby by reference each and every preceding paragraph, to the extent such allegations are not incompatible with this cause of action, as if fully set forth herein.

101.    Defendant Lopez, acting with intent to cause harmful and/or offensive contact with Ms. Bravo's intimate parts of her person and/or by use of an intimate part of his person, directly or indirectly caused Plaintiff to suffer a sexually offensive contact.

102.    Lopez acted in such a manner to cause Plaintiff an imminent apprehension of his contact with an intimate part of her person and/or by use of an intimate part of his person, causing (directly or indirectly) a sexually offensive contact with Ms. Bravo's person.

103.    Defendant Lopez's offensive contact was such as to offend a reasonable sense of personal dignity.

104.    Upon information and belief, Defendant Los 3 Amigos ratified the conduct of supervisor-owner Lopez by failing to discipline him, and failing to curtail or remedy his behavior.

105.    Defendant Lopez's conduct towards Plaintiff was not so surprising in the workplace that the risk of such conduct by Defendant Lopez towards his female subordinates was created by the employment and was foreseeable; moreover, Defendant Lopez was a pinnacle employee and top executive of Los 3 Amigos; as such, Los 3 Amigos is vicariously liable for the acts of Defendant Lopez as alleged herein.

106.    As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered special and general damages, including her loss of income, mental and emotional distress, and other foreseeable damages and harm.

107.    Defendants acted as alleged herein willfully, maliciously, with the intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover damages for the sake of example and by way of punishing Defendants.

108.    Pursuant to Civil Code §1708.5(c), Plaintiff is further entitled to equitable relief as may be determined by this court to be appropriate in the circumstances

## SEVENTH CAUSE OF ACTION

### Gender Violence

### (Violation of Cal. Civ. Code § 52.4)

### (Against All Defendants)

109.    Plaintiff realleges and incorporates hereby by reference each and every preceding paragraph, to the extent such allegations are not incompatible with this cause of action, as if fully set forth herein.

110.    California law prohibits gender violence toward any person as a form of sex discrimination.

COMPLAINT

111.    Defendant Lopez, in intending to cause and causing harmful and/or offensive contact with Ms. Bravo's intimate parts of her person and/or by use of an intimate part of his person, directly or indirectly caused Plaintiff to suffer gender violence.

112.    Lopez acted in such a manner to cause Plaintiff an imminent apprehension of his contact with an intimate part of her person and/or by use of an intimate part of his person, causing a physical intrusion or physical invasion of a sexual nature under coercive conditions and (directly or indirectly) a gender violence toward Ms. Bravo.

113.    Defendant Lopez's sexual and coercive physical intrusion and invasion toward Ms. Bravo were such as to offend a reasonable sense of personal dignity.

114.    Upon information and belief, Defendant Los 3 Amigos ratified the conduct of supervisor-owner Lopez by failing to discipline him, and failing to curtail or remedy his behavior.

115.    Defendant Lopez's conduct towards Plaintiff was not so surprising in the workplace that the risk of such conduct by Defendant Lopez towards his female subordinates was created by the employment and was foreseeable; moreover, Defendant Lopez was a pinnacle employee and top executive of Los 3 Amigos; as such, Los 3 Amigos is vicariously liable for the acts of Defendant Lopez as alleged herein.

116.    As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered special and general damages, including her loss of income, mental and emotional distress, and other foreseeable damages.

117.    Defendants acted as alleged herein willfully, maliciously, with the intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover damages for the sake of example and by way of punishing Defendants.

118.    Plaintiff is further entitled to and seeks to recover injunctive relief, attorney's fees, and costs of litigation arising from this violation.

## EIGHTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against Los 3 Amigos and DOES 1 to 20)

- 18 -

COMPLAINT

119.   Plaintiff realleges and incorporates hereby by reference each and every preceding paragraph, to the extent such allegations are not incompatible with this cause of action, as if fully set forth herein.

120.   At all times mentioned, the public policy of the State of California, under both the Fair Employment and Housing Act ("FEHA") and the California Constitution, Article I, § 8, prohibits discrimination, harassment, and retaliation in the workplace based on gender or disability (whether actual, recorded, or perceived).

121.   FEHA also requires that once an employee requests accommodation for a disability, the employer is required to engage in a good faith, interactive process to determine what effective reasonable accommodations are available – such reasonable accommodations include not just job modifications, but also includes finite medical leave, even extending beyond the 12 weeks of leave provided for under the FMLA and its state counterpart, the California Family Rights Act ("CRFA"), California Government Code §12945.1, *et seq.*

122.   The FMLA and CFRA also prohibit interference, discrimination and retaliation on the basis of an employee's rights and entitlements to protected leave for an employee's own serious health condition.

123.   The ADA, 42 U.S.C. §12101, *et seq.*, also states the expressed public policy at the federal level to prohibit discrimination, harassment, and retaliation in the workplace based on an employee's disability; moreover, failure or refusal to accommodate, unilateral withdrawal of accommodation, and/or failure to engage in the interactive process, are all forms of disability discrimination prohibited by both the FEHA and the ADA.

124.   Both CFRA and the FMLA state clear public policies inuring to the benefit of employees to prohibit interference, discrimination, and retaliation on the basis of an eligible employee's need for or use of what should be job-protected medical leave for the employee's own serious health condition.

125.   At all times mentioned, the public policy of the State of California prohibits sexual battery under Civil Code §1708.5; and it prohibits Sexual Harassment in Business, Service, or Professional Relationships under Civil Code § 51.9, *et seq.*

126.    At all times mentioned herein, the public policy of the State of California prohibits discrimination and retaliation against an employee for filing a workers' compensation claim or for having a received a workers' compensation award. California Constitution, Art. XIV, §4 (providing the constitutional right to employees to have access to a system of workers' compensation); and see, Cal. Labor Code §132a.

127.    The aforementioned public policies inure to the public benefit in that they are designed to protect all employees and citizens of California in order to promote the welfare and well-being of the community at large.

128.    Defendants terminated Ms. Bravo's employment due to her sex and/or her disability (actual, recorded or perceived); and/or in retaliation for her requests for and/or use of what should have been characterized and treated as protected medical leave under the FMLA, and her opposition to sexual harassment and to sex and disability discrimination in the workplace in violation of the FEHA, CFRA, the California Constitution, the ADA, and state (and federal) law.

129.    Defendants further allowed and perpetuated sexual assault & battery and sexual harassment of Plaintiff in violation of the Civil Code, §§1708.5 and 51.9.

130.    Accordingly, the actions of Defendants, as described herein, constitute wrongful discharge and in contravention of the express public policies established by the State of California, as well as by the federal law (including the FMLA).

131.    As a direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered loss of income, mental and emotional distress, and other foreseeable damages.

132.    Defendants acted as alleged herein willfully, maliciously, with the intent to injure Plaintiff, and/or in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants and each of them for the sake of example and by way of punishing Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against all Defendants, and each of them, as follows:

1. For general damages in an amount to be proven at trial, including compensatory damages;

2. For special damages in an amount to be proven at trial;

3. For liquidated damages available to Plaintiff under the FMLA;

4. For punitive and exemplary damages as may be available to Plaintiff under the law;

5. For statutory damages and penalties in an amount to be proven at trial;

6. For interest, including prejudgment interest;

7. For permanent injunctive relief enjoining Defendants permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

8. For equitable relief, including all accrued back pay, lost benefits, and front pay in lieu of reinstatement;

9. For attorney fees as permitted by law;

10. For costs of suit; and,

11. For such other relief as the Court may deem just and proper, including equitable, injunctive, and/or declaratory relief.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: March 5, 2019.

PECK-LAW, *EMPLOYMENT & CIVIL RIGHTS*
BEAMAN JACINTO LAW P.C.

By: _____
Megan Beaman
Elizabeth M. Peck
Attorneys for Plaintiff,
MARIA CRISTINA BRAVO

- 21 -